**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| HUGH NELSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No.: |
| | ) |
| ATLAS APARTMENT HOMES LLC, | ) |
| | ) |
|     Defendant. | ) |

## PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, HUGH NELSON ("Plaintiff" or "Nelson"), and files his Complaint against Defendant, ATLAS APARTMENT HOMES LLC ("Defendant" or "Atlas"), and in support states the following:

## NATURE OF THE CLAIMS

1. This is an action for monetary damages pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* ("ADA"); Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII"); and the Florida Civil Rights Act of 1992, Fla. Stat. Ann. § 760.10 ("FCRA").

2. This action is to redress Defendant's unlawful employment practices against Plaintiff including discrimination, harassment, and retaliation because of Plaintiff's disability, sex and sexual orientation leading to his unlawful termination.

## JURISDICTION AND VENUE

3. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the ADA and Title VII.

4. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 25 U.S.C. § 1367(a).

5. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action occurred in this District.

## THE PARTIES

6. Plaintiff, Nelson, is a permanent legal resident of the United States, and is and was at all times material, a resident of the state of Florida.

7. Defendant, Atlas, is a foreign limited liability company with its headquarters in Chicago, Illinois.

8. Defendant does business and Plaintiff worked for Defendant in this District.

9. Defendant is an employer as defined by the all laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

10. Plaintiff has complied with all statutory prerequisites to filing this action.

11. On October 31, 2019, Plaintiff dual-filed a claim with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e).

12. Plaintiff's EEOC charge was filed within three hundred days after the alleged unlawful employment practices occurred.

13. On December 12, 2019, Plaintiff filed an Amended EEOC Charge.

14. On February 24, 2020, the EEOC issued to Plaintiff a Notice of Right to Sue, upon Plaintiff's request.

15. This complaint was filed within ninety days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

**FACTS**

16. Plaintiff was employed by Defendant for nine months.

17. Plaintiff was a full-time employee who regularly worked or exceeded forty hours per week. At the time of his termination Plaintiff held the position of Global Director of Operations.

18. Plaintiff is a disabled homosexual male who did not conform to gender stereotypes.

19. Defendant targeted Plaintiff due to his sex, sexual orientation, and non-conformity with gender stereotypes.

20. Ravi Malli, Director of Asset Management, made comments such as "why do you always have to hire gay guys" and "why do you like these gays so much" when discussing Plaintiff's employment.

21. Plaintiff verbally complained to Vivian Malli, Chief Operating Officer, about the discriminatory and disparate treatment he was experiencing but Defendant failed to take remedial action.

22. Following Plaintiff's complaint, Mr. Malli spoke to Plaintiff in a hostile and condescending manner.

23. Plaintiff complained to Jazmin Esparza, Human Resources Department, about Mr. Malli's disparate and discriminatory treatment and retaliation for Plaintiff's previous complaints. Once again, Defendant failed to take remedial action.

24. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

25. In July 2019, Plaintiff began experiencing symptoms related to his disability and verbally notified Ms. Malli of the same.

26. In early August 2019, Plaintiff sought medical treatment for symptoms related to his disability.

27. Plaintiff was hospitalized for two days due to his disability.

28. Plaintiff requested a brief leave of absence to treat his disability and inquired with Ms. Malli about utilizing short term disability leave for his disability. Subsequently, Plaintiff contacted Defendant's insurance carrier to request short term disability leave forms.

29. After a brief medical leave, Plaintiff contacted Human Resources to notify Defendant he was ready and able to return to work.

30. Human Resources directed Plaintiff to obtain a doctor's note clearing him to return to work.

31. The following day before Plaintiff had the chance to submit his doctor's note, Defendant terminated Plaintiff's employment.

32. Plaintiff has been damaged by Defendant's illegal conduct.

33. Plaintiff has had to retain the services of the undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

## Count I:
## Disability Discrimination in Violation of the ADA

34. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-33 above.

35. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

36. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

37. Defendant is prohibited under the ADA from discriminating against Plaintiff because of Plaintiff's disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

38. Defendant violated the ADA by unlawfully terminating and discriminating against Plaintiff based on his disability.

39. Defendant intentionally discriminated against Plaintiff on the basis of his disability.

40. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages,

lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

41. Defendant's unlawful conduct in violation of the ADA is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## Count II:
### Retaliation in Violation of the ADA

42. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-33 above.

43. Defendant retaliated against Plaintiff for engaging in protected activity when Plaintiff requested reasonable accommodations under the ADA by terminating his employment.

44. Defendant's conduct violates the ADA.

45. Defendant's discriminatory conduct in violation of the ADA has caused Plaintiff to suffer loss of pay, benefits, and prestige.

46. Defendant's actions have caused Plaintiff to suffer mental and emotional distress entitling him to compensatory damages.

47. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

## Count III:
## Sex and Sexual Orientation Based Discrimination in Violation of Title VII

48. Plaintiff re-alleges and adopts, as if fully set forth herein, allegations stated in Paragraphs 1-33 above.

49. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of his sex, male.

50. Plaintiff is a male who does not confirm to gender stereotypes.

51. Defendant is prohibited under Title VII from discriminating against Plaintiff because of his sex with regard to discharge, employee compensation, and other terms, conditions and privileges of employment.

52. Defendant violated Title VII by unlawfully terminating and discriminating against Plaintiff based on his sex.

53. Defendant intentionally discriminated against Plaintiff based on his sex.

54. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which Plaintiff is entitled to an award of monetary and other relief.

55. Defendant's unlawful conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## Count IV:
### Retaliation in Violation of Title VII

56. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-33 above.

57. Plaintiff engaged in protected activity under Title VII while employed by Defendant.

58. Defendant engaged in intentional retaliation against Plaintiff for his participation in protected activity.

59. Defendant's conduct violated Title VII.

60. Defendant's discriminatory conduct, in violation of Title VII, has caused Plaintiff to suffer a loss or pay, benefits, and prestige for which he is entitled to damages.

61. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

62. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling him to punitive damages.

## Count V:
### Handicap Based Discrimination in Violation of the FCRA

63. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-33 above.

64. Plaintiff was a qualified individual with a handicap under the meaning of the FCRA.

65. Defendant is prohibited under the FCRA from discriminating against Plaintiff because of his handicap with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

66. Defendant violated the FCRA by terminating and discriminating against Plaintiff based on his handicap.

67. Defendant intentionally discriminated against Plaintiff on the basis of his handicap.

68. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the FCRA, Plaintiff has suffered lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

69. Defendant's unlawful conduct in violation of the FCRA was outrageous, malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling him to an award of exemplary and or punitive damages.

### Count VI:
**Sex and Sexual Orientation Based Discrimination in Violation of the FCRA**

70. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-33 above.

71. Defendant is prohibited under the FCRA from discriminating against Plaintiff because of his sex with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

72. Defendant violated the FCRA by terminating and discriminating against Plaintiff based on his sex.

73. Defendant intentionally discriminated against Plaintiff on the basis of his sex and non-conformity to gender stereotypes.

74. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the FCRA, Plaintiff has suffered lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

75. Defendant's unlawful conduct in violation of the FCRA was outrageous, malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling him to an award of exemplary and or punitive damages.

### Count VII:
### Retaliation in Violation of the FCRA

76. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-33 above.

77. At all times relevant to this action, Plaintiff was a qualified employee with a handicap under the FCRA.

78. Defendant intentionally retaliated against Plaintiff for engaging in protected activity.

79. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the FCRA, Plaintiff has suffered lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

80. Defendant's unlawful conduct in violation of the FCRA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling him to an award of exemplary and/or punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b) Grant Plaintiff his costs and ware of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief this Court deems just and propr.

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury on all triable issues herein.

                        Respectfully Submitted:

                        */s/ Gary Martoccio*
                        Gary Martoccio
                        Florida Bar No. 99040
                        **Spielberger Law Group**
                        4890 W. Kennedy Blvd., Suite 950
                        Tampa, Florida 33609
                        T: (800) 965-1570
                        F: (866) 580-7499
                        gary.martoccio@spielbergerlawgroup.com

                        *Counsel for Plaintiff*