# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

HUGH NELSON,

        Plaintiff,

v.                                Case No:   6:20-cv-879-WWB-LRH

ATLAS APARTMENT HOMES, LLC

        Defendant.

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause comes before the Court *sua sponte*.   Plaintiff Hugh Nelson commenced this action on May 21, 2020 against Defendant Atlas Apartment Homes, LLC ("Atlas Apartment").   Doc. No. 1.   In the complaint, Plaintiff alleged (1) disability discrimination in violation of Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq*. ("ADA") (Count I); (2) retaliation in violation of the ADA (Count II); (3) discrimination based on his sex and sexual orientation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII"), and the Florida Civil Rights Act of 1992, Fla. Stat. § 760.10 ("FCRA") (Counts III & VI); (4) retaliation in violation of Title VII and

the FCRA (Counts IV & VII); and (5) discrimination based on handicap in violation of the FCRA (Count V).   *Id.*

Atlas Apartment did not appear in this matter or otherwise respond to the complaint.   On Plaintiff's motion, Clerk's default was entered against Atlas Apartment.   Doc. Nos. 10, 11.

Plaintiff thereafter filed two motions attempting to obtain default judgment against Atlas Apartment.   Doc. Nos. 13, 15.   The undersigned denied both motions without prejudice, finding the motions deficient in several similar respects, including: (1) failure to adequately establish personal jurisdiction over Atlas Apartment; (2) failure to demonstrate that the allegations of the complaint were sufficient to warrant entry of default judgment; (3) failure to submit sufficient evidence of damages; and (4) failure to submit sufficient evidence regarding attorney's fees.   Doc. Nos. 14, 16.

In denying Plaintiff's second request for default judgment without prejudice, the undersigned permitted Plaintiff to either file an amended motion for default judgment or an amended complaint.   Doc. No. 16, at 12–13.   If Plaintiff chose to file an amended complaint, the undersigned ordered Plaintiff to serve the amended complaint in compliance with the Federal Rules of Civil Procedure.   *Id.*

Plaintiff filed an amended complaint on January 8, 2021, which added Atlas Residential as a Defendant.   Doc. No. 17.   The amended complaint otherwise

contains the same causes of action as those asserted in the initial complaint. *Compare* Doc. No. 17, *with* Doc. No. 1.

On April 9, 2021, Plaintiff filed returns of service for both Defendants indicating that the summonses were returned unexecuted. Doc. Nos. 22, 23. Plaintiff was thereafter given several extensions of time to effect service on both Defendants, the last deadline for which was July 31, 2021. Doc. Nos. 24–25, 29, 35. On July 30, 2021, Plaintiff filed a document stating that he properly served Defendant Atlas Apartment by serving the Illinois Secretary of State. Doc. No. 36, at 5, 9. However, Plaintiff further stated that he had "exhausted all efforts to perfect service upon Defendant Atlas Residential," and that he was "aware the Court may dismiss his claims and terminate this case." *Id.*

On August 3, 2021, the undersigned issued an Order and Report and Recommendation, recommending that the claims against Atlas Residential be dismissed for Plaintiff's failure to serve that entity. Doc. No. 37. On December 2, 2021, the Court adopted that recommendation, and the claims against Atlas Residential have been dismissed without prejudice. Doc. No. 43.

In the interim, on Plaintiff's motion, Clerk's default was entered against Atlas Apartment. Doc. Nos. 40–41. And Plaintiff filed a renewed motion for default judgment against Atlas Apartment based on the amended complaint. Doc. No. 42. The renewed motion for default judgment against Atlas Apartment was referred to

the undersigned.    However, upon consideration, Plaintiff had once again failed to demonstrate that default judgment was proper, and the motion was denied again for many of the same reasons that the undersigned had denied his previous requests.   *See* Doc. No. 44.   *See also* Doc. Nos. 14, 16.   In denying the renewed request for default judgment, the undersigned outlined each of the deficiencies with Plaintiff's motion, and ordered as follows:

> Plaintiff will be given **one final** opportunity to file a renewed motion demonstrating that default judgment against Atlas Apartment is proper.   Such renewed motion shall be filed on or before **January 3, 2022**, and shall be filed in compliance with this Order, as well as the previous Orders of the Court, *see* Doc. Nos. 14, 16.
>
> **Given the history of this case, absent extraordinary circumstances, the January 3, 2022 deadline will not be extended.   Failure to file a renewed motion by the deadline set forth herein, or failure to sufficiently demonstrate by renewed motion that default against Atlas Apartment would be proper, will result in a recommendation that this case be dismissed without further notice.**

Doc. No. 44 (emphasis in original).

The January 3, 2022 deadline has now elapsed, and Plaintiff has failed to file a renewed motion for default judgment or otherwise request or obtain an extension of time for doing so.   Accordingly, I will respectfully **RECOMMEND** that the Court **DISMISS** the case **without prejudice**, and thereafter, **DIRECT** the Clerk of Court to close the file.

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions.  Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida on January 4, 2022.


**LESLIE R. HOFFMAN**
**UNITED STATES MAGISTRATE JUDGE**


Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy